JULIAN YRIARTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

FELIX YRIARTE, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 5990, 7605.    Promulgated February 18, 1927.

*Theodore B. Benson, Esq.*, for the petitioners.
*George G. Witter, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for 1921 of $1,824.71 against Julian Yriarte and $2,389.11 against Felix Yriarte. The question involved is the value in 1915 of certain real estate inherited by the petitioners in that year and sold in the taxable year in question.

### FINDINGS OF FACT.

Julian Yriarte is a resident of Whittier, Calif., and Felix Yriarte, of Brea, Calif. In 1915 the petitioners inherited 30.07 and 32.81 acres of land, respectively, in or around Brea, Calif. The land was sold in 1921 at an average sale price of $914.36 per acre. The Commissioner valued the land as of the date of inheritance at $175 per acre. The fair market value of said land as of that date was $175 per acre.

### OPINION.

MORRIS: The valuation of $175 per acre placed upon the land in question by the Commissioner, is based upon an appraisal of the clear market value of said property made for state inheritance-tax purposes by three disinterested persons appointed by the Superior Court of Orange County, Calif., and approved by that court, and presumably the value upon which that tax was paid. This appraisal was made at about the time the petitioners acquired the property. A certified copy of the inventory and appraisal as filed in the probate records of Orange County was offered in evidence by the Commissioner and received without objection. The testimony of the petitioners' three witnesses, taken by deposition, is in our opinion entitled to little weight on their qualifications and basis of valuation presented, and insufficient to shift the scales in the petitioners' favor. One witness was the superintendent of a refining company who invested his savings in Brea real estate. He valued the property in question, as of 1915, at $800 an acre. The second witness was a locomotive engineer who went to Brea in 1915, or a little before, and has lived there part of the time since. He made no purchases or sales of similar property and his valuation of from

$600 to $800 an acre was based on the price at which the property was listed with him. The other witness was an oil worker who bought and sold some property for himself but did not sell or know of any sales of land near the tract in question. He placed a 1915 value upon it of $800 an acre. The evidence submitted by the petitioner does not convince us that the Commissioner's determination of value was erroneous.

*Judgment will be entered for the respondent.*